Pearson, J.
 

 This was assumpsit, upon the warranty of the soundness of a negro. The warranty was contained in a bill of sale, given by the defendant, to which the wife of the defendant was the only subscribing witness. The plaintiff offered to prove the hand-writing of the defendant and that of his wife, in order to establish the warranty. The Court rejected the evidence, and the plaintiff submitted to a non suit and appealed.
 

 
 *273
 
 The objection to the reception of the evidence is, that the attestation of the defendant’s wife, as a witness, is a nullity; and so the bill of sale has no attesting witness, and does not pass the title, and, for that reason, the warranty, which is an incident to the sale, is of no validity. The reply is: admitting the position, that, as between the parties, the title did not pass by the bill of sale, for want of an attesting witness, to be tenable; still, the warranty is distinct from that part of the bill of sale, which purports to pass the title; and there is no reason, why there should be an attesting witness to a covenant or contract of warranty of the soundness of a negro, nor necessity for its registration. And if a warranty be a mere incident of a sale, the title in this case might have passed by an actual delivery, without a bill of sale, and, so, there was no ground for the objection. This reply seems to be sufficient.
 

 But it is evident, that the doctrine of warranty, as applied to real estate, has no sort of application to the warranty of the soundness of a chattel. Such a contract may be entirely distinct from, and unconnected with, a sale, and will support an action, provided there be a sufficient consideration, although there is no sale, to which it may be
 
 incident.
 

 The opinion of his Honor is obviously erroneous.
 

 The non-suit must be set aside and a
 
 venire
 
 de
 
 novo
 
 issue.
 

 Per Curiam Judgment accordingly.